No. 25-1802

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**UNITED STATES OF AMERICA,**
*Appellee*

vs.

**JACOB LOGAN STONE,**
*Appellant*

On Appeal from the United States District Court
For the Western District of Arkansas

**Honorable Susan O. Hickey**
**Chief United States District Judge**

**APPELLANT'S ADDENDUM**

**JAMES B. PIERCE**
**FEDERAL PUBLIC DEFENDER**
**WESTERN DISTRICT OF ARKANSAS**

**By:** Anna M. Williams
Assistant Federal Public Defender
Office of the Federal Public Defender
112 W. Center Street, Suite 300
Fayetteville, AR 72701
(479) 442-2306
anna_williams@fd.org

# TABLE OF CONTENTS

                                                                        **Page(s)**

District Court's Order Denying Motion For Early Termination of Supervised Release ................................................................................................ 1

District Court's Judgment ............................................................................ 4

District Court's Amended Judgment .......................................................... 10

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                        Case No. 2:09-cr-20074

JACOB LOGAN STONE                                                                     DEFENDANT

## **ORDER**

Before the Court is Defendant Jacob Logan Stone's Motion for Early Termination of Supervised Release. ECF No. 69. The Government has responded. ECF No. 73. The Court finds the matter ripe for consideration.

On December 9, 2009, Defendant was indicted on two counts of knowingly distributing child pornography and thirteen counts of knowing receiving child pornography, all in violation of 18 U.S.C. § 2252(a)(2). ECF No. 1. On February 4, 2010, Defendant pled guilty to Count Six of the indictment. ECF No. 15. On July 16, 2010, the Court sentenced Defendant to 150 months confinement, a lifetime term of supervised release, a $5,000 fine, and a $100 special assessment. ECF No. 19. On June 23, 2020, the Court granted Defendant's request for compassionate release and reduced Defendant's term of confinement to time served. ECF Nos. 65 & 66.

On March 13, 2025, Defendant filed the instant motion seeking to terminate his term of supervised release. Defendant argues that his exemplary conduct during confinement and release, his rehabilitative efforts, and his low risk to the public justifies terminating his term of supervision. Defendant also emphasizes that his lifetime term of supervision is rare and that recidivism rate are low for offenders such as him.

The United States Probation Office ("USPO") provided the Court with its assessment of Defendant's request. The USPO notes that Defendant has complied with all conditions of his release, has maintained stable employment, obtained a bachelor's degree, and completed a rehabilitation program after his release from confinement. The USPO does not recommend termination of Defendant's term of supervised release at this time but does state that it would not oppose a reduction in the term of Defendant's supervised release.

The Government responded in opposition to Defendant's request. ECF No. 73. The Government argues that the relevant statutory factors weigh against terminating Defendant's term of supervised release. The Government emphasizes that the nature of Defendant's offense, which went beyond simply receiving child pornography but also distributing it, is more severe than most sex offenders. The Government then notes that Defendant has an extensive history of possessing, distributing, and producing child pornography, along with direct personal offenses against minors. The Government further notes that much of this history was not available to the Court when it sentenced Defendant. The Government contends that Defendant's characteristics render the lifetime of supervised release necessary to protect the public, reflect the seriousness of Defendant's offenses, and deter future offenses.

A district court may terminate supervised release "if it is satisfied that such action is warranted by conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the Court must consider factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable. *See id*. Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of a defendant and provide adequate deterrence for further

criminal conduct, and the need to provide the defendant with correctional treatment in the most efficient manner. See 18 U.S.C. §§ 3553(a)(1)-(2).

After consideration of the above-referenced factors, the Court finds that the instant motion must be denied. Defendant's offense conduct and history justifies the indefinite term of supervision for the protection of the public. Accordingly, Defendant's Motion for Early Termination of Supervised Release (ECF No. 69) is hereby **DENIED**.

**IT IS SO ORDERED**, this 7th day of April, 2025.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge

# UNITED STATES DISTRICT COURT

| WESTERN | District of | ARKANSAS |
|---|---|---|

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JACOB LOGAN STONE | Case Number: 2:09CR20074-001 |
| | USM Number: 09849-010 |
| | Keith Kannett |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   Six (6) of the Indictment on February 4, 2010

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Distribution of Visual Depictions Involving the Sexual Exploitation of Minors | 08/15/2009 | 6 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed within the statutory range and the U.S. Sentencing Guidelines were considered as advisory.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  One (1) through Five (5) and Seven (7) through Fifteen (15)  are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 13, 2010
Date of Imposition of Judgment

/S/ Robert T. Dawson
Signature of Judge

Honorable Robert T. Dawson,  United States District Judge
Name and Title of Judge

July 13, 2010
Date

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 1 6 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

Addendum 4

AO 245B    (Rev. 09/08) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page  2  of  6

DEFENDANT:      JACOB LOGAN STONE
CASE NUMBER:    2:09CR20074-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    **one hundred fifty (150) months**

X   The court makes the following recommendations to the Bureau of Prisons:
    Placement in sex offender treatment program.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m. on _____
    ☐   as notified by the United States Marshal.

    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    before 1 p.m. on _____.
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Addendum 5

Judgment—Page 3 of 6

DEFENDANT: JACOB LOGAN STONE
CASE NUMBER: 2:09CR20074-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **Life**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

X The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Addendum 6

DEFENDANT: JACOB LOGAN STONE
CASE NUMBER: 2:09CR20074-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to any means utilized by the probation office to track his whereabouts or location at any time.

2. The defendant shall have no unsupervised contact with minors.

3. The defendant shall submit to in-patient or out-patient mental health evaluation, counseling, testing and/or treatment, all with emphasis on sex offender treatment, as deemed necessary and directed by the U.S. Probation Officer.

4. The defendant shall not have access to an internet-connected computer or other device with internet capabilities or access the internet from any location without prior approval by the probation office and for a justified reason. The defendant shall not have internet access at his residence.

5. The defendant shall cooperate with any search by the probation office of his person, residence, workplace, vehicle, to include the search of computers, conducted in a reasonable manner based on reasonable suspicion of evidence of violation of a condition of supervised release.

DEFENDANT: JACOB LOGAN STONE
CASE NUMBER: 2:09CR20074-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**    | **Restitution** |
|--------|----------------|-------------|-----------------|
| TOTALS | $ 100.00       | $ 5,000.00  | $ - 0 -         |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|   |   |   |   |

TOTALS    $_____0_____    $_____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X  the interest requirement is waived for the    X  fine    ☐  restitution.

    ☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 6 of 6

DEFENDANT: JACOB LOGAN STONE
CASE NUMBER: 2:09CR20074-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ 5,100.00  due immediately, balance due

    ☐ not later than _____ , or
    X in accordance   ☐ C,   ☐ D,   ☐ E, or   X F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25.00 quarterly, or 10% of the defendant's quarterly earnings, whichever is greater. After incarceration, any unpaid financial penalty shall become a special condition of supervised release and may be paid in monthly installments of not less than 10% of the defendant's net monthly household income, but in no case less than $50.00 per month, with the entire balance to be paid in full one month prior to the termination of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT

Western District of Arkansas

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| JACOB LOGAN STONE | ) | Case Number: 2:09CR20074-001 |
| | ) | USM Number: 09849-010 |
| **Date of Original Judgment:** July 13, 2010 | ) | James B. Pierce* |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   Six of the Indictment on February 4, 2010.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Distribution of Visual Depictions Involving the Sexual Exploitation of Minors | 08/15/2009 | 6 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   1 through 5 and 7 through 15   ☐ is   ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 23, 2020
Date of Imposition of Judgment

/s/ P.K. Holmes, III
Signature of Judge

Honorable P.K. Holmes, III, United States District Judge
Name and Title of Judge

June 23, 2020
Date

Addendum 10

Appellate Case: 25-1802   Page: 12   Date Filed: 07/10/2025 Entry ID: 5535939

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case  
Sheet 2 — Imprisonment  
(NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-20074-PKH   Document 66   Filed 06/23/20   Page 2 of 7 PageID #: 310

Judgment — Page 2 of 7

DEFENDANT: JACOB LOGAN STONE  
CASE NUMBER: 2:09CR20074-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **time served in federal custody ***

☒ The court makes the following recommendations to the Bureau of Prisons:  
Placed in sex offender treatment program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JACOB LOGAN STONE  
CASE NUMBER: 2:09CR20074-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **life**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:        JACOB LOGAN STONE
CASE NUMBER:   2:09CR20074-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-20074-PKH   Document 66   Filed 06/23/20   Page 5 of 7 PageID #: 313

Judgment—Page 5 of 7

DEFENDANT: JACOB LOGAN STONE
CASE NUMBER: 2:09CR20074-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to any means utilized by the probation office to track his whereabouts or location at any time.

2. The defendant shall have no unsupervised contact with minors.

3. The defendant shall submit to inpatient or outpatient mental health evaluation, counseling, testing and/or treatment, all with emphasis on sex offender treatment, as deemed necessary and directed by the U.S. Probation Officer.

4. The defendant shall not have access to an internet-connected computer or other device with internet capabilities or access the internet from any location without prior approval by the probation office and for a justified reason. The defendant shall not have internet access at his residence.

5. The defendant shall cooperate with any search by the probation office of his person, residence, workplace, vehicle, to include the search of computers, conducted in a reasonable manner based on reasonable suspicion of evidence of a violation of a condition of supervised release.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-20074-PKH   Document 66   Filed 06/23/20   Page 6 of 7 PageID #: 314

Judgment — Page    6    of    7

DEFENDANT: JACOB LOGAN STONE
CASE NUMBER: 2:09CR20074-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ -0- | $ 5,000.00 | $ -0- | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

**TOTALS**   $ _____   $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ the interest requirement is waived for   ☒ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JACOB LOGAN STONE
CASE NUMBER: 2:09CR20074-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $ __5,100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25 quarterly, or 10% of the defendant's quarterly earnings, whichever is greater. After incarceration, any unpaid financial penalty shall become a special condition of supervised release and may be paid in monthly installments of not less than 10% of the defendant's net monthly household income, but in no case less than $50 per month, with the entire balance to be paid in full one month prior to the termination of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*    Total Amount    Joint and Several Amount    Corresponding Payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Addendum 16

# CERTIFICATE OF SERVICE/COMPLIANCE

I hereby certify that a true and correct electronic version of the foregoing Appellant's Addendum was submitted for filing using the CM/ECF system pursuant to amended Local Rule 28A on this 9th day of July, 2025. A true and correct copy will be attached to the Brief and mailed or otherwise duly forwarded to the Appellant, Jacob Logan Stone and to:

> Devon Joy Still
> Assistant United States Attorney
> U.S. Attorney's Office
> 414 Parker Avenue
> Fort Smith, AR 72901

upon receipt of notice that the electronic versions of the brief and addendum have been accepted for filing. This addendum has been scanned for viruses and is virus-free.

/s/ *Anna M. Williams*
Anna M. Williams
Assistant Federal Public Defender